UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TALCOTT RESOLUTION LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CBC SETTLEMENT FUNDING, LLC, et al.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:26-cv-00184-TMR-PBS<br><br>JUDGE THOMAS M. ROSE<br><br>**DEFENDANT CBC SETTLEMENT FUNDING'S ANSWER TO TALCOTT RESOLUTION LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER** |

**ANSWER**

Now comes Defendant, CBC Settlement Funding LLC, ("Defendant") and for its answer to Interpleader Plaintiff Talcott Resolution Life Insurance Company's ("Plaintiff") Complaint (the "Complaint"), states as follows:

1. Defendant denies the allegations set forth in paragraph 1 of the Complaint for want of knowledge.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in paragraph 3 of the Complaint for want of knowledge.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint for want of knowledge and affirmatively states that the purchase of the annuity contract by the United Staes Air Force does not confer upon the United States any right, title, or interest in the stream of structure settlement payments assigned to Defendant.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in paragraph of the Complaint for want of knowledge.

8. Defendant asserts that the exhibit referenced in paragraph 8 of the Complaint speaks for itself, and further states that the Final Judgment referenced therein does not preclude, limit, or supersede the valid transfer of structured settlement payment rights to Defendant.

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. Defendant asserts that the Settlement referenced in paragraph 10 of the Complaint speaks for itself, and further states that the United States' ownership of the annuity contract is distinct from Tyler Karns' right to receive the periodic payments due thereunder.

11. Defendant asserts that the Settlement referenced in paragraph 11 of the Complaint speaks for itself and affirmatively states that the Settlement's provision that "the annuity company that issued the annuity contract or its assignee(s) shall at all times have the sole obligation for making all annuity payments" confirms that Talcott is obligated to direct payments to Defendant as the designated assignee and transferee of Tyler Karns' structure settlement payment rights.

12. Defendant asserts that the Settlement referenced in paragraph 12 of the Complaint speaks for itself, and further states that any anti-assignment provision contained therein is superseded by operation of the Ohio Structured Settlement Protection Act.

13. Defendant asserts that the Exhibit referenced in paragraph 13 of the Complaint speaks for itself, and further states that the annuity contract does not preclude the valid transfer of Tyler Karns' structured settlement payment rights to CBC Settlement Funding LLC as approved by the Ohio state court.

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations asserted in paragraph 15 of the Complaint that the Plaintiff filed an objection letter with the Greene County Ohio Probate Court.

16. Defendant asserts that the Exhibit referenced in paragraph 16 of the Complaint speaks for itself, and affirmatively states that the proposed transfer of structured settlement payment rights is governed by Ohio law pursuant to the Ohio Structured Settlement Protection Act

17. Defendant asserts that the Exhibit referenced in paragraph 17 of the Complaint speaks for itself, and denies the legal conclusions asserted therein by the Department of Justice.

18. Defendant asserts that the Exhibit referenced in paragraph 18 of the Complaint speaks for itself and affirmatively states that the United States' stated policy position does not have the force of law, is not binding on this Court, and does not override the Ohio Amended Order issued by a court of competent jurisdiction.

19. Defendant asserts that the Exhibit referenced in paragraph 19 of the Complaint speaks for itself and affirmatively states that the Greene County, Ohio Probate approved the transfer, which constitutes a valid and enforceable qualified order.

20. Defendant asserts that the Exhibit referenced in paragraph 20 of the Complaint speaks for itself and further states that the Ohio Amended order is a Qualified Order thereunder and does not contravene any applicable federal or state statute.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint for want of knowledge.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint for want of knowledge. To the extent any exposure exists, it arises solely from the United States' refusal to honor a valid state court order, not from any act or omission of Defendant.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint for want of knowledge.

**DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by res judicata and/or collateral estoppel.

3. Plaintiff's claims, and any claims or objections asserted by any co-defendant, are barred by waiver.

4. Plaintiff's claims, and any claims or objections asserted by any co-defendant, are barred by estoppel.

5. Plaintiff's claims, and any claims or objections asserted by any co-defendant are barred by laches.

6. The transfer of the structured settlement payment rights at issue was made in full compliance with 26 USC § 5891.

7. Defendant incorporates by reference as if fully stated herein all affirmative defenses available to them under the Federal Rules of Civil Procedure or defenses which may become available as a result of facts or changes in law.

MASTRANTONIO & ORLANDO, LLP

*/s/ Steven W. Mastrantonio*

______________________________

Steven W. Mastrantonio (0062575)
308 N. Cleveland Massillon Road, Suite 200
Akron, Ohio 44333
T: (330) 434-1000
F: (330) 434-1001
Emails: steve@ohiolegalteam.com
*Counsel for Defendant CBC Settlement Funding, LLC*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on Plaintiffs' counsel by electronic mail on the 9th day of September at:

Sommer L. Sheely, Esq., asheely@bricker.com

Katherine Scanlon, Esq., Katherine.scanlon@readonscanlon.com

*/s/ Steven W. Mastrantonio*

__________________________________

Steven W. Mastrantonio (0062575)